**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated, | Case No. **4:25-CV-1245** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP | |
| Defendant. | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

The Parties, their undersigned counsel, pursuant to this Court's order of March 18, 2025 (ECF No. 5), hereby file the following 26(f) report, according to the topics identified by the Court.

1.     State when and how the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party.

The meeting of the parties was held on April 27, 2025. Anthony Paronich attended for the Plaintiff. Larry Bowman and Paul A. Roman, Jr. (*pro hac vice* pending) attended for the Defendant.

2.     List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

There are no such cases.

3.     Briefly describe what this case is about.

*Plaintiff's Position*: Plaintiff brings suit under the TCPA alleging that she was contacted without her permission after being listed on the Do Not Call list. The basis for those claims is

that the Plaintiff received at least three calls from the Defendant seeking to have her purchase

Defendant's legal services. Plaintiff alleges that she is a member of a class of individuals

similarly situated and seeks to have the matter brought as a class action suit. The Plaintiff is

seeking to represent the following putative classes of persons:

**National Do Not Call Registry Class:** All persons in the United States whose (1)
telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who
received more than one telemarketing text message or call from or on behalf of Schneider
Wallace, (3) within a 12-month period, (4) at any time in the period that begins four years before
the date of filing this Complaint to trial.

The allegations in the Plaintiff's complaint are incorporated herein by reference.

*Defendant's Position:* Defendant denies that it placed any call to Plaintiff or that any calls

were made to Plaintiff at the Defendant's direction. To the extent Plaintiff received any calls

purporting to be by or on behalf of the Defendant, those calls were made without the knowledge

or consent of the Defendant. Defendant further denies that a class action is appropriate in this

matter.

4.      Specify the allegation of federal jurisdiction.

This matter is proceeding under federal question jurisdiction.

5.       Identify the parties who disagree and the reasons.

No parties disagree as to the basis for jurisdiction.

6.      Identify any issues as to service of process, personal jurisdiction, or venue.

There are no such issues.

7.      List anticipated additional parties that should be included and when they can be

added, and identify any class or collective-action certification issues.

Plaintiff may seek to include any additional parties, as revealed through discovery, which

may have been involved in the placement of the calls at issue. Such entities typically include

third-party telemarketing companies hired by individuals like the Defendant to place calls on their behalf. Further, this action is proceeding as a class action. To prove the Plaintiff's claims, as well as those of the putative class, the Plaintiff will use calling records produced in discovery, cross-referenced with the National Do Not Call Registry, to identify class members meeting the aforementioned class definition.

Defendant does not anticipate affirmatively adding any additional parties at this time, but reserves the right to do so pursuant to the applicable Federal Rules of Civil Procedure, and preserves any and all cross-claims for any additional party Plaintiff seeks to add to this litigation. Defendant maintains that a class action is not appropriate in this litigation and anticipates challenging any motion for class certification at the appropriate time.

8.      State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

The parties have not yet made their initial disclosures but will do so in advance of the Rule 16 conference scheduled for May 15, 2025.

9.      If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

The TCPA, under which Plaintiff's claim is filed, does not provide for the recovery of attorneys' fees. If a class is certified, the procedure for resolution for any attorneys' fee award would be dictated by the rules applicable to class actions.

10. Describe the proposed discovery plan, including:

a.  Responses to the matters raised in Rule 26(f), including any agreements reached concerning electronic and other discovery and any disputed issues relating to electronic and other discovery.

> The parties do not anticipate that this case will involve tremendous amounts of ESI discovery calling for custodians and/or search terms, and will work in good faith to resolve ESI issues in the event they occur. The likely major and only ESI in this dispute will be the Defendant's own telephone records, which should be readily accessible. The parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C). The parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D). The parties anticipate submitting a stipulated protective order for entry by the Court, along with a claw-back order pursuant to Rule 502(d).

b.  When and to whom the plaintiff anticipates it may send interrogatories and requests for production.

> The Plaintiff anticipates it will send the foregoing shortly after the parties' Rule 26(f) conference.

c.  When and to whom the defendant anticipates it may send interrogatories and requests for production.

> Defendant anticipates it may send the foregoing to the named Plaintiff in following receipt of the Plaintiff's initial disclosures.

4

d. Of whom and by when the plaintiff anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

> The Plaintiff anticipates taking the oral depositions of any individuals or officers involved in the calling conduct at issue, which may also involve the depositions of third parties. Such depositions can be done by remote means.

e. Of whom and by when the defendant anticipates taking oral depositions, and whether they can be done by remote means, such as by zoom.

> The Defendant anticipates taking the oral deposition of the Plaintiff and any third parties as identified in discovery. It is anticipated those depositions can be completed via remote means.

f. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

> There are no such issues.

g. Any experts needed on issues other than attorneys' fees.

> The Plaintiff will secure one or more experts to analyze the calling records at issue to identify which calls were made to numbers on the Do Not Call Registry.
>
> The Defendant may retain one or more experts to refute Plaintiff's allegations related to TCPA liability and class certification.

h. If medical experts are needed, whether they are only treating physicians or also designated on other issues.

Not Applicable.

i.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and to provide their reports.

> The parties jointly propose two months prior to the close of discovery to designate experts, with responsive experts due one month thereafter.

j.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

> The Plaintiff anticipates taking the deposition of any of the Defendant's experts within the period outlined in subsection i.

k.  List expert depositions the opposing party anticipates taking and their anticipated completion date, and whether they can be done by remote means, such as by zoom. See Rule 26(a)(2)(B) (expert report).

The Defendant anticipates taking the deposition of any expert designated by Plaintiff within the period outlined in subsection i. It is anticipated these depositions can be completed by remote means.

l.  In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.

Not applicable, as the matter is proceeding under federal question, not
diversity of citizenship.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views
and proposals of each party.

Not applicable, except as noted herein.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

The parties are still in the opening phases of discovery The Plaintiff will seek initial
discovery on the following subjects from the following easily accessible sources: (1) Defendant's
calling data regarding Plaintiff and the proposed class; (2) Defendant's policies and procedures
regarding compliance with the TCPA, including honoring opt-out requests; (3) Documents from
the Defendant reflecting Defendant's negligence or willfulness regarding any TCPA violations.
The Defendant anticipates seeking discovery related to the following topics: (1) Plaintiff's
telephone records related to the calls at issue; (2) Plaintiff's records related to the Do Not Call
List; (3) Any information or documents related to any consent provided by Plaintiff to receive
any calls related to the allegations in the Complaint; (4) any appropriate discovery related to
class certification.

13.    State the date the planned discovery can reasonably be completed.

9 months, or February 16, 2026.

14.    Describe the possibilities for a prompt settlement or resolution of the case that
were discussed in your Rule 26(f) meeting or have emerged since then.

The parties certify that they have considered the potential benefits of settling the case
before undertaking significant discovery or motion practice, and report that, at this time, Plaintiff
indicated it was not in position to make a settlement demand as  the Plaintiff does not know the

size of the potential class yet. The Plaintiff indicated she will tender a settlement offer after some initial class discovery has been conducted. Defendant supports prompt resolution of this matter.

15.     From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

Defendant agrees to participate in an early settlement conference. Plaintiff does not request an early settlement conference. The Plaintiff prefers private mediation, which should occur in the winter time. The parties recognize early settlement would be more beneficial, as the likelihood of settlement decreases as discovery costs increase.

16.     Magistrate judges may hold jury and nonjury trials with the consent of all parties. Indicate the parties' joint position on a trial before Judge Sam Sheldon.

The parties do not consent to a trial before Judge Sheldon.

17.     State whether a jury demand has been made and if it was made on time.

The Plaintiff has demanded a jury. Such demand was made on time.

18.      Specify the number of hours it will likely take to present the evidence.

Approximately 24 hours for the Plaintiff. Defendant anticipates its case in chief would total approximately 15 hours of trial time.

19.     List pending motions that may be ruled on at the initial pretrial and scheduling conference.

There are no such motions.

20.      List other pending motions.

The Plaintiff intends to file a motion for class certification, but such motion is not yet pending. The parties also anticipate filing a Stipulated Protective Order prior to the Rule 16 conference.

21.     List issues or matters, including discovery, that should be addressed at the conference.

None at this time.

22.     Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

The Plaintiff has filed the same on April 27, 2025. Defendant has filed the Disclosure on April 30, 2025.

23.     List the names, bar numbers, addresses, telephone numbers, and emails of all counsel and unrepresented parties.

For Plaintiff: Andrew Roman Perrong, 333687, 2657 Mt. Carmel Ave., Glenside, PA 19038, 215-225-5529, a@perronglaw.com

For Plaintiff: Anthony Paronich, 678437 350 Lincoln Street, Suite 2400 Hingham, Massachusetts 02043, 508-221-1510, anthony@paronichlaw.com

For Defendant: Larry Bowman, 788993, 1717 Main St Ste 3650 Dallas, TX 75201-4612, (214) 507-4581, LBowman@ghlaw-llp

For Defendant: Paul Roman, Jr. *(pro hac vice* pending), 318855, Fourt Gateway Center, 444 Liberty Avenue, Suite 1000, Pittsburgh, PA 15222, 412-392-5439, proman@dmclaw.com

Respectfully Submitted,

_____/s/_____

Andrew Roman Perrong, Esquire
Perrong Law LLC
2657 Mount Carmel Ave.
Glenside, PA 19038
a@perronglaw.com


_____/s/_____

Anthony Paronich, Esquire
Paronich Law, P.C.
350 Lincoln St., Ste 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Attorneys for Plaintiff*
*Kimberley Hudson-Bryant*

By: ___/s/ Larry Bowman, Esq._____
Larry Bowman, Esquire
Grotefeld Hoffmann LLP
1717 Main Street, Suite 3650
Dallas, TX 75201
LBowman@ghlaw-llp
Tel: (214) 507-4581

*Attorneys for Defendant,*
*Schneider Wallace Cottrell Konecky LLP*