### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **Kimberly Hudson-Bryant, on behalf of herself and others similarly situated,** | No. 4:25-cv-01245 |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| v. | |
| **Schneider Wallace Cottrell Konecky Wotkyns LLP,** | **Electronically Filed** |
| **Defendant.** | |

FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, comes the Defendant, Schneider Wallace Cottrell Konecky, LLP, incorrectly identified as Schneider Wallace Cottrell Konecky Watkyns LLP ("Schneider Wallace"), by and through their counsel, and files this First Amended Answer and Affirmative Defenses, stating in support thereof as follows:

### I.   INTRODUCTION

1. The allegations contained in Paragraph 1 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

2. The allegations contained in Paragraph 2 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

3. The allegations contained in Paragraph 3 contain conclusions of law to which no response is required. To the extent that a response is required, Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 and therefore such allegations are denied. By way of further

response, it is denied this this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

4. The allegations contained in Paragraph 4 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied. By way of further response, it is denied this this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

## II. PARTIES

5. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 and therefore such allegations are denied.

6. Admitted.

## III. JURISDICTION AND VENUE

7. The allegations contained in Paragraph 7 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

8. The allegations contained in Paragraph 8 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

9. The allegations contained in Paragraph 9 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

## IV. FACTS

**A. The Enactment of the TCPA and its Regulations**

10. The allegations contained in Paragraph 10 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

11. The allegations contained in Paragraph 11 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

12. The allegations contained in Paragraph 12 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

13. The allegations contained in Paragraph 13 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

14. The allegations contained in Paragraph 14 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

**B. Unsolicited Telemarketing to Plaintiff**

15. The allegations contained in Paragraph 15 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

16. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and therefore such allegations are denied.

17. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and therefore such allegations are denied.

18. The allegations contained in Paragraph 18 contain conclusions of law to which no response is required. To the extent that a response is required, Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 and therefore such allegations are denied.

19. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 and therefore such allegations are denied.

20. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 and therefore such allegations are denied. By way of further response, it is denied that Schneider Wallace placed any calls to Plaintiff.

21. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 and therefore such allegations are denied. By way of further response, it is denied that Schneider Wallace placed any calls to Plaintiff.

22. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 and therefore such allegations are denied. By way of further response, it is denied that Schneider Wallace placed any calls to Plaintiff or has ever utilized a business name "Legal Advisors."

23. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 and therefore such allegations are denied.

24. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 and therefore such allegations are denied. By way of further response, it is denied that Schneider Wallace placed any calls to Plaintiff or has ever utilized a business name "Legal Advisors."

25. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 and therefore such allegations are denied.

26. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 and therefore such allegations are denied.

27. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 and therefore such allegations are denied.

28. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 and therefore such allegations are denied.

29. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 and therefore such allegations are denied.

30. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and therefore such allegations are denied.

31. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 and therefore such allegations are denied.

32. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 and therefore such allegations are denied.

33. The allegations contained in Paragraph 33 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

34. The allegations contained in Paragraph 34 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

35. The allegations contained in Paragraph 35 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied. By way of further response, it is denied that Schneider Wallace placed any calls to Plaintiff or has ever utilized a business name "Legal Advisors."

36. The allegations contained in Paragraph 36 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

37. The allegations contained in Paragraph 37 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

38. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 and therefore such allegations are denied.

39. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 and therefore such allegations are denied.

40. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 and therefore such allegations are denied.

41. Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 and therefore such allegations are denied.

42. The allegations contained in Paragraph 42 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

43. The allegations contained in Paragraph 37 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied. By way of further response, it is denied this this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

## V.   CLASS ACTION ALLEGATIONS

44.     The allegations contained in Paragraph 44 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

45.     The allegations contained in Paragraph 45 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

46.     Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46 and therefore such allegations are denied. By way of further response, it is denied this this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

47.     Schneider Wallace lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 and therefore such allegations are denied. By way of further response, it is denied this this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

48.     The allegations contained in Paragraph 48 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

49.     The allegations contained in Paragraph 49 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff

has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

50. The allegations contained in Paragraph 50 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

51. The allegations contained in Paragraph 51 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

52. The allegations contained in Paragraph 52 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

53. The allegations contained in Paragraph 53 and subparagraphs a. through c. contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

54. The allegations contained in Paragraph 54 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

55. The allegations contained in Paragraph 55 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

56. The allegations contained in Paragraph 56 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

57. The allegations contained in Paragraph 57 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

58. The allegations contained in Paragraph 58 contain conclusions of law to which no response is required. To the extent that a response is required, it is admitted that Plaintiff has styled this action as a class action. It is denied that this lawsuit meets the requirements of a class action or that a class action is an appropriate method of adjudicating this lawsuit.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of the Plaintiff and the National Do Not Call Registry Class)**

59. Schneider Wallace hereby incorporates the preceding paragraphs as if the same were set forth herein at length.

60. The allegations contained in Paragraph 60 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

10

61. The allegations contained in Paragraph 61 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied.

62. The allegations contained in Paragraph 62 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied. By way of further response, it is specifically denied that Schneider Wallace is responsible or liable for any independent acts undertaken by any third-party.

63. The allegations contained in Paragraph 63 contain conclusions of law to which no response is required. To the extent that a response is required, such allegations are denied. By way of further response, it is specifically denied that Schneider Wallace is responsible or liable for any independent acts undertaken by any third-party.

WHEREFORE, Defendant, Schneider Wallace Cottrell Konecky, LLP, incorrectly identified as Schneider Wallace Cottrell Konecky Watkyns LLP denies that Plaintiff individually and on behalf of any Class, is entitled to any relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

No act or omission on the part of Schneider Wallace caused or contributed to the damages alleged in the Complaint.

### THIRD DEFENSE

The claims and/or damages alleged in the Complaint were caused by Plaintiff, or persons and/or entities over which Schneider Wallace exercised no control, or that were not

employees or agents of Schneider Wallace and therefore Schneider Wallace is not vicariously liable for any acts or omissions by said persons/entities.

## FOURTH DEFENSE

The acts and/or omissions alleged in the Complaint were caused by persons and/or entities over which Schneider Wallace exercised no control.

## FIFTH DEFENSE

The Complaint may have failed to join an indispensable party.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of fraud, illegality, and/or estoppel.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## TENTH DEFENSE

The Complaint is barred, in whole or in part, because no equitable relief is available to Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of consent.

## TWELFTH DEFENSE

The purported class cannot be certified because it does not satisfy the criteria set forth in Federal Rule of Civil Procedure 23 for certification. Further, the purported class,

class representatives and/or class counsel fail to meet the ascertainability, numerosity, typicality, commonality, adequacy, superiority and predominance requirements for class actions.

### THIRTEENTH DEFENSE

Plaintiff's purported class action claims are barred because the Class definition is vague, ambiguous and overly broad.

### FOURTEENTH DEFENSE

The claims are barred by Plaintiff's and/or the proposed Class member's lack of standing.

### FIFTEENTH DEFENSE

Plaintiff is estopped to pursue this action to the extent that Plaintiff proceeded with prosecution of any other class, consolidated or individual action against Schneider Wallace, including but not limited to actions instituted prior to or subsequent to this action.

### SIXTEENTH DEFENSE

Schneider Wallace acted in compliance with applicable statutory, regularity and common law requirements thereby barring all or some of the claims asserted.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES

Schneider Wallace hereby gives notice that it intends to rely on any defenses as maybe come available or apparent during discovery proceedings in this case, and that it hereby reserves the right to research such defenses.

### DEMAND FOR JURY TRIAL

Defendant, Schneider Wallace Cottrell Konecky, LLP, incorrectly identified as Schneider Wallace Cottrell Konecky Watkyns LLP, demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant, Schneider Wallace Cottrell Konecky, LLP, incorrectly identified as Schneider Wallace Cottrell Konecky Watkyns LLP prays for relief as follows:

    A.    For an Order entering Judgment in its favor.

    B.    For all other relief that this Court deems just and proper.

Respectfully submitted,

 /s/ *Larry Bowman, Esq.*
Larry Bowman, Esquire
Grotefeld Hoffmann LLP
1717 Main Street, Suite 3650
Dallas, TX 75201
LBowman@ghlaw-llp
Tel: (214) 507-4581

Steven W. Zoffer, Esquire (*pro hac vice*)
Paul A. Roman, Jr., Esquire (*pro hac vice*)
Dickie McCamey & Chilcote, P.C.
Four Gateway Center
444 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
szoffer@dmclaw.com
proman@dmclaw.com
Tel: (412) 281-7272

*Attorney for Defendant, Schneider Wallace Cottrell Konecky, LLP, incorrectly identified as Schneider Wallace Cottrell Konecky Watkyns LLP*

**CERTIFICATE OF SERVICE**

I, Larry Bowman, Esquire, hereby certify that true and correct copies of the foregoing First Amended Answer and Affirmative Defenses have been served this 9th day of May, 2025, via the Court's CM/ECF system on counsel of record listed below:

Andrew Roman Perrong, Esquire
Perrong Law LLC
2657 Mount Carmel Ave.
Glenside, PA 19038
a@perronglaw.com

Anthony Paronich, Esquire
Paronich Law, P.C.
350 Lincoln St., Ste 2400
Hingham, MA 02043
anthony@paronichlaw.com

*Attorneys for Plaintiff
Kimberley Hudson-Bryant*

By  */s/ Larry Bowman, Esq.*
     Larry Bowman, Esquire

*Attorney for Defendant, Schneider Wallace Cottrell Konecky, LLP, incorrectly identified as Schneider Wallace Cottrell Konecky Watkyns LLP*