United States District Court
Southern District of Texas

**ENTERED**

May 13, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHNEIDER WALLACE COTTRELL KONECKY, LLP<br><br>Defendant. | Case No.  4:25-cv-1245 |

## PROTECTIVE ORDER

### PROCEEDINGS AND INFORMATION GOVERNED

1.      This Protective Order is made under Fed. R. Civ. P. 26(c).  It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action.  The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information" or "Confidential Information – Attorneys Eyes Only" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**DESIGNATION AND MAINTENANCE OF INFORMATION**

2.      For purposes of this Protective Order, the "Confidential Information" designation means that the document or information is not publicly known, and is competitively sensitive or required by law or agreement to be kept confidential.  Confidential Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made, unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3.      Documents and things produced during the course of this litigation within the scope of paragraph 2 above may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, by affixing the label **CONFIDENTIAL** to the document.

4.      For purposes of this Protective Order, the "Confidential Information – Attorneys Eyes Only" designation means that the document or information is comprised of trade secrets or commercial information that is not publicly known, and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7).  Information designated as "Confidential Information – Attorneys Eyes Only" shall be limited to information that any producing party, including third parties, in good faith, believes to contain (a) current and past (to the extent they reflect on current) methods, procedures, and processes relating to the pricing and/or sale of a party's goods; (b) current and past (to the extent they reflect on current) marketing plans and methods; (c) current and past (to the extent they reflect on current) business planning and

financial information; (d) trade secrets; (e) confidential business information; (f) past or current personnel or employee information; and (g) customer lists and customer information.

5.        Documents and things produced during the course of this litigation within the scope of paragraph 4 above, may be designated by the producing party as containing "Confidential Information – Attorneys Eyes Only" by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, by affixing the label **CONFIDENTIAL INFORMATION**- **ATTORNEYS EYES ONLY** to the document.

6.        A party may designate information disclosed at a deposition as Confidential Information or Confidential Information – Attorneys Eyes Only by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.  If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after receipt of the deposition transcript to designate, in writing to the other parties and to the court reporter, whether portions of the transcript are to be designated as Confidential Information or Confidential Information – Attorneys Eyes Only, and identifying the pages and lines so designated. If no such designation is made at the deposition, the entire transcript must be treated as Confidential Information – Attorneys Eyes Only for fourteen days following delivery of a "final" transcript.  Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript, and each copy of the transcript in its possession, custody, or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.

7.        It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Information – Attorneys Eyes Only in a secure manner,

and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

### INADVERTENT FAILURE TO DESIGNATE

8.      The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity.    The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

### CHALLENGE TO DESIGNATIONS

9.      A receiving party may challenge a producing party's designation at any time.  Any receiving party disagreeing with a designation may request in writing that the producing party change the designation.  The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation.  If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information.  Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.  At any time, a producing party may agree to withdraw a designation without a court order, in which case the parties may use the materials without any restrictions set forth in this Protective Order.

**DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION AND CONFIDENTIAL INFORMATION –**

**ATTORNEYS EYES ONLY**

10.     Subject to paragraph 11, information designated as Confidential Information or Confidential Information – Attorneys Eyes Only may only be used by a receiving party for purposes of preparation, trial, and appeal of this action.  Confidential Information or Confidential Information – Attorneys Eyes Only may not be used by a receiving party under any circumstances for any other purpose.

11.     Notwithstanding anything in this Protective Order to the contrary, nothing in this Protective Order prohibits a receiving party from using Confidential Information or Confidential Information – Attorneys Eyes Only to pursue claims in this lawsuit.

12.     Subject to paragraph 16 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; and (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (f) deposition witnesses who are current or former employees of the producing party who appear

based on the document or testimony to have knowledge of the document designated as Confidential Information; (g) the Court, and any special masters or mediators appointed by the Court, under seal; (h) any private mediators utilized by the parties, provided such person executes a Confidentiality Agreement in the form attached as Exhibit B.

13.     Subject to paragraph 16 below, Confidential Information – Attorneys Eyes Only may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party who has appeared in this action, (b) supporting personnel employed by (a), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (c) experts or consultants; (d) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (e) deposition witnesses who appear based on the document or testimony to have knowledge of the document designated as Confidential Information – Attorneys Eyes Only; (f) the Court, and any special masters or mediators appointed by the Court, under seal; (g) any private mediators utilized by the parties, provided such person executes a Confidentiality Agreement in the form attached as Exhibit B.

14.     Further, prior to disclosing Confidential Information or Confidential Information – Attorneys Eyes Only to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in

the industry.  The producing party will thereafter have ten (10) business days from receipt of the

Confidentiality Agreement to object to any proposed individual.  The objection must be made for

good cause and in writing, stating with particularity the reasons for the objection.  Failure to object

within ten (10) business days constitutes approval.  If the parties are unable to resolve any

objection, the receiving party may apply to the presiding judge to resolve the matter.  There will

be no disclosure to any proposed individual during the ten (10) business day objection period,

unless that period is waived by the producing party, or if any objection is made, until the parties

have resolved the objection, or the presiding judge has ruled upon any resultant motion.

15.    Counsel is responsible for the adherence by third-party vendors to the terms and

conditions of this Protective Order.  Counsel may fulfill this obligation by obtaining a signed

Confidentiality Agreement in the form attached as Exhibit B.

16.    Confidential Information and Confidential Information – Attorneys Eyes Only may

be disclosed to a person who is not already allowed access to such information under this Protective

Order if:

(a)    the information was previously received or authored by the person or was authored

or received by a director, officer, employee, or agent of the company for which the

person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b)    the designating party is the person or is a party for whom the person is a director,

officer, employee, consultant, or agent; or

(c)    counsel for the party designating the material agrees that the material may be

disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order may be present during the disclosure or discussion of Confidential Information and Confidential Information – Attorneys Eyes Only.  Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

## FILING DOCUMENTS WITH THE COURT

17.     If any party wishes to submit Confidential Information or Confidential Information – Attorneys Eyes Only to the court, the submission must be filed only under seal. The filing party must secure an appropriate Order from the court, pursuant to a motion under the appropriate Federal Rule of Civil Procedure, including F.R.C.P. 5.2(d), or other applicable law, prior to the filing of the Confidential Information or Confidential Information – Attorneys Eyes Only under seal.

## NO PREJUDICE

18.     Producing or receiving Confidential Information or Confidential Information – Attorneys Eyes Only, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information or Confidential Information – Attorneys Eyes Only contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive

the provisions or protections provided for in this Protective Order with respect to any particular information or material.

## CONCLUSION OF LITIGATION

19.     Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Information – Attorneys Eyes Only, and to certify to the producing party that this destruction or return has been done.  However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## REMEDIES

20.     This Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b), and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

21.     Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

SIGNED this _13th_ day of _May_, 2025.

JUDGE LEE H. ROSENTHAL
SENIOR UNITED STATES DISTRICT JUDGE

Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

KIMBERLY HUDSON-BRYANT,
individually and on behalf of all others
similarly situated,

                  Plaintiff,

   v.

SCHNEIDER WALLACE
COTTRELL KONECKY, LLP

                  Defendant.

Case No.  4:25-cv-1245

## CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" and/or "Confidential Information – Attorneys Eyes Only" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Information – Attorneys Eyes Only disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those

specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Information – Attorneys Eyes Only in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Information - Attorneys Eyes Only are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date

Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KIMBERLY HUDSON-BRYANT, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>        v.<br><br>SCHNEIDER WALLACE COTTRELL KONECKY, LLP<br><br>                Defendant. | Case No.  4:25-cv-1245 |

## CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information" and/or "Confidential Information - Attorneys Eyes Only" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Information - Attorneys Eyes Only disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation, and not to disclose any of this information to persons other than those

specifically authorized by the Protective Order, without the express written consent of the party

who designated the information as confidential or by order of the presiding judge.

_____

Signed

_____

Printed Name

_____

Date
